Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>NELSON FIGUEROA VELÁZQUEZ<br><br>Peticionario | KLCE202500484 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: EVI2019G0004<br><br>Sobre: Art. 95 C.P. |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de mayo de 2025.

### I.

El 11 de abril de 2025, el confinado Sr. Nelson Figueroa Velázquez (señor Figueroa Velázquez) presentó ante este tribunal apelativo un escrito mediante el cual narró una alegada controversia con su representación legal en el caso que identificó con la numeración EVI2019G0004. En el escueto documento, hace referencia a una alegada mala práctica profesional; sin embargo, en su súplica no dispone de remedio alguno que pueda proveer este tribunal. Su narrativa tampoco se sustenta en determinación alguna emitida por un foro inferior de la que interese recurrir. De manera que este tribunal no puede asegurar si el señor Figueroa Velázquez interesa instar una acción por daños o iniciar una acción disciplinaria por la alegada mala práctica profesional.

### I.

La Ley núm. 201-2003, también conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, en su Artículo 4.002, 4 LPRA sec. 24u, define los

propósitos y objetivos de nuestro Tribunal de Apelaciones. Mediante ello, deja diáfanamente claro que la naturaleza del foro intermedio es una apelativa, estableciendo que el Tribunal de Apelaciones tendrá como fin la revisión de las sentencias finales del Tribunal de Primera Instancia (TPI), de decisiones finales de organismos y agencias administrativas y, de forma discrecional, cualquier otra resolución u orden dictada por el TPI.

A tales efectos, el Artículo 4.006, 4 LPRA sec. 24y, delimita la competencia de este organismo apelativo a entender sobre determinaciones, finales o interlocutorias, de los foros primarios mediante distintos recursos. El Tribunal de Apelaciones, por ejemplo, conocerá mediante recurso de apelación sobre sentencias finales del TPI, **mediante auto de *certiorari* conocerá de cualquier resolución u orden dictada por el TPI** y; mediante recurso de revisión judicial de cualquier determinación de agencias administrativas.

Así pues, el recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Por su parte, la Regla 52.1, *supra*, establece las instancias en que el recurso de *certiorari* será expedido y así revisar las resoluciones u órdenes interlocutorias dictadas por el foro primario. Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro intermedio sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. Así, la precitada regla lee de la siguiente forma:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

## II.

Como mencionamos, este tribunal es de naturaleza apelativa. Ello significa que sólo podemos intervenir para revisar determinaciones que emita el Tribunal de Primera Instancia o resoluciones finales de las agencias administrativas con respecto a los asuntos que por ley pueden atender. Véase, Reglas 52.1 y 52.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V; Secciones 4.1 y 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA secs. 2171-2172; y, Reglas 13, 32 (D), 56 y 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Dado que, de ordinario, este tribunal apelativo no puede dilucidar controversias si no existe un dictamen del que una parte pueda solicitar su revisión, no contamos con jurisdicción para atender el reclamo que plantea el señor Figueroa Velázquez en su escrito. En este, el peticionario no solicita la revisión de alguna determinación del foro de instancia, sino que no queda claro si solicita instar una reclamación en daños o iniciar un proceso disciplinario contra su pasado representante legal, el Lcdo. Carlos M. Aponte Nieves. De ser una reclamación en daños, el foro con

jurisdicción primaria sería el Tribunal de Primera Instancia. Por otro lado, si lo que busca es iniciar un proceso disciplinario, dicho deber recae única y exclusivamente al foro de mayor jerarquía en nuestra jurisdicción. Es decir, que en Puerto Rico solo el Tribunal Supremo, como parte de su poder inherente, puede reglamentar la práctica de la abogacía en la isla, disciplinar y desaforar profesionales de la práctica legal. *Rivera Schatz v. ELA et als.,* 191 DPR 449, (2014). Véase, además, *In re Pellot Cordova,* 204 DPR 814 (2020).

### III.

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones